**FAUMUINA SUAFA`I SATELE, Plaintiff,**

**v.**

**TAUTOLO GAOSA and AMERICAN SAMOA POWER AUTHORITY, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 09-95
LT No. 31-95

March 18, 2002

Before RICHMOND, Associate Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala`ilima
For Defendant Tautolo Gaosa, Arthur Ripley, Jr.
For Defendant Am. Samoa Power Authority, Roy J.D. Hall, Jr.

ORDER DENYING MOTION FOR RECONSIDERATION OR NEW

TRIAL, CONTINUING STAY OF RENT PAYMENTS, AND
SETTING ASIDE TITLE REGISTRATION

## I. Motions for Reconsideration or New Trial and Stay of Judgment

On December 13, 2001, defendant Tautolo Gaosa ("Tautolo") timely moved for reconsideration or new trial with respect to the court's opinion and ordered entered on November 30, 2001. Tautolo also moved to stay execution of the judgment, pending the outcome of the first motion and the existing and any further appeal of this action. The court heard the motions on January 25, 2001. All three counsel were present.

During the hearing, we granted by bench order the motion to stay execution of the judgment with respect to payment by defendant American Samoa Power Authority ("ASPA") of the rentals for its leases of the well site and waste disposal site on the total land at issue. We have now considered the issues raised by Tautolo's motion for reconsideration or new trial. Tautolo's concerns are without merit. This motion will therefore be denied. However, the present stay of execution of the judgment will remain in effect pending the existing appeal and any subsequent appeal. We will also address two other matters.

## II. Ownership of Land "Lepue"

We need to clarify our decisions regarding ownership of the land called "Lepue." For purposes of the discussion of this and the second matter, we will refer to three parcels of land by name: "Agaoleatu," "Lepue," and "Anaoleatu." "Agaoleatu" consists of approximately 6.301 acres at the western end of the total land at issue. ASPA's well site is within "Agaoleatu" but outside of the portion of this parcel now determined, as noted below, to be the Faumuina family's communal land. "Lepue" embraces approximately 3.291 acres immediately east of "Agaoleatu." Part of the disposal site is within "Lepue." "Anaoleatu" covers approximately 23.333 acres and encompasses the entire land in dispute, including both "Agaoleatu" and "Lepue." The disposal site is entirely within "Anaoleatu."

Plaintiff Faumuina Safa`i Satele ("Faumuina") offered to register the title to both "Agaoleatu" and "Lepue" as the Faumuina family's communal land. Both offers went through the formal registration process, which generated Tautolo's objections and claim to "Anaoleatu." The unresolved title disputes to "Agaoleatu" and "Lepue" were sent to this court for judicial determination. Though surveyed as of the trial in July 2000, Tautolo had not offered to register the title to "Anaoleatu" as Tautolo family's communal land.

307

Our original decision entered on August 3, 2000, expressly adjudicated title to "Agaoleatu" in Tautolo's favor. We directed the Territorial Registrar to register the title to "Agaoleatu" as the Tautolo family's communal land. We also held that as between Faumuina and Tautolo, the portion of "Anaoleatu" outside of "Agaoleatu" was also the Tautolo family's communal land. This portion also encompasses "Lepue." However, because Tautolo had not offered "Anaoleatu" for registration, we advised the parties that Tautolo must offer the area in "Anaoleatu" outside of "Agaoleatu" for registration in order to provide notice to other potential claimants before the title to this area could be adjudicated. "Lepue" is located within "Anaoleatu," and though properly before us for title determination, we clearly, in hindsight, but inadvertently overlooked definitively deciding this title issue, except implicitly with respect to Faumuina and Tautolo, in our August 3, 2000 decision.

We modified our decision on ownership of "Agaoleatu" in the order of November 6, 2000, partially granting reconsideration, to hold that a portion of the western side of "Agaoleatu" is the Faumuina family's communal land. This modification was confirmed in our decision of November 30, 2001.

In the decision of November 30, 2001, we also modified our findings with respect to the title to "Anaoleatu" outside of the portion in "Agaoleatu" held to be the Faumuina family's communal land, deciding that we could not determine by a preponderance of the evidence presented the titleholder(s) to this entire area as between Faumuina and Tautolo, and for that matter any other still unidentified claimants not yet before the court. This change was based on out inspection of the land and other abundantly clear evidence showing that, for many years, the Tautolo family and Fa`i family, a subfamily of the extended Faumuina family, had mutually, peacefully and harmoniously, occupied and used "Anaoleatu," outside of the portion of "Agaoleatu" now recognized as the Faumuina family's communal land, and in a manner so irregularly intermingled that any areas of separately owned land by the Tautolo family and, as the case may be, the Fa`i family or Faumuina family could not be defined.

■ "Lepue" is within "Anaoleatu" outside of the portion of "Agaoleatu" owned by the Faumuina family as communal land. Thus, under the modification now in effect, we have still implicitly held that "Lepue" could not yet be registered as between Faumuina and Tautolo. We stand by that implicit finding.

### III. Territorial Registrar's Registration of October 25, 2000

The Territorial Registrar registered title to land as the Tautolo family's

communal land, and recently an amended version, both dated October 25, 2000. In the present motion for reconsideration or new trial and during the hearing on the motion, Tautolo expressly noted the Registrar's initial registration. We advised counsel that we would examine the Registrar's registration files.

Tautolo states that the initial registration pertains to approximately 23.333 acres, the area contained in "Anaoleatu." Apparently, Tautolo justifies this interpretation on the timing of the registration. He followed our admonition and offered his survey of "Anaoleatu" for registration shortly after entry of our decision of August 3, 2000, and the required 60-day notice period expired shortly before the registration was issued on October 25, 2000. However, Tautolo's conclusion ignores the facts that three timely objections, one by Faumuina, were filed with the Registrar, and the controversy thus framed has not yet gone through the dispute resolution proceedings before the Secretary of Samoan Affairs, let alone ultimate judicial determination.

Recently, the Territorial Registrar recognized the ambiguity in the first registration issued on October 25, 2000, and reissued an amended registration, specifically for the 6.301 acres in "Agaoleatu." The amended registration is consistent with our original adjudication of August 3, 2000, and the Registrar's corrective action is understandable. The Registrar has not yet received official notice of the revision of our original adjudication to recognize that a portion of "Agaoleatu" is the Faumuina family's communal land, and that title to "Anaoleatu," including "Lepue," outside of the portion of "Agaoleatu" held by the Faumuina family as communal land, is presently undeterminable. The corrective action is, of course, insufficient in light of the revision. Accordingly, we will set aside the initial and amended registrations, pending final determination of the title to areas within "Agaoleatu." We will also keep the Registrar fully informed about judicial developments in this action.

### Order

1. Tautolo's motion for reconsideration or new trial is denied.

2. The stay of execution of the judgment shall remain in effect pending the existing and any subsequent appeal. The stay applies specifically and only to ASPA's payment of rentals for the leases of the well site and waste disposal site on the land at issue.

3. The original and amended versions of the Territorial Registrar's registration of Tautolo's title, both dated October 25, 2000, are set aside pending final resolution of the title to the areas within "Agaoleatu."

4. The clerk of the court shall cause delivery to the Territorial Registrar of certified copies of the court's orders: (a) order partially granting motion for reconsideration and denying new trial of November 6, 2000; (b) order granting motion for reconsideration or new trial of March 1, 2001; (c) opinion and order of November 30, 2001; and (d) this order. When appropriate, we will direct the clerk to transmit to the Registrar future court orders in this action.

It is so ordered.